UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ODYSSEY ELECTRONICS LTD,

                    Plaintiff,

    v.                                                    Civil Action No.

ODYSSEY ELECTRONICS, INC.,

                    Defendant.

**COMPLAINT FOR TRADEMARK INFRINGEMENT AND
VIOLATION OF CHAPTER 93A
(INJUNCTIVE RELIEF REQUESTED)
(JURY TRIAL DEMANDED)**

Plaintiff Odyssey Electronics Ltd. ("Odyssey"), by and through undersigned

counsel, for its complaint against defendant, Odyssey Electronics, Inc. ("OEI") states the

following:

## NATURE OF THE ACTION

1.      This action seeks damages and injunctive relief against OEI for: (i) trademark

infringement in violation of the provisions of the Lanham Act, 15 U.S.C. § 1051, et seq.; (ii)

unfair competition and false designation of origin in violation of Section 43(a) of the Lanham

Act, 15 U.S.C. § 1125(a); (iii) violation of Massachusetts §93A; and (iv) common law trademark

infringement, unfair competition and unjust enrichment.

## PARTIES

2.      Plaintiff Odyssey Electronics Ltd. is a New Hampshire corporation with its

principal place of business at 659 Chandler Street, Tewksbury, MA 01876.

3.      Upon information and belief, defendant Odyssey Electronics, Inc. is a California corporation with its principal place of business at 13 Dion, Laguna Niguel, CA 92677.

4.      This Court has personal jurisdiction over OEI.  Upon information and belief, OEI operates throughout the United States, including the Commonwealth of Massachusetts and this District; does business in the Commonwealth of Massachusetts; regularly transacts and/or solicits business in this jurisdiction; advertises and markets its goods within this jurisdiction; sells and contracts for the sale of goods in this jurisdiction, including without limitation sales to and/or through several distributors in Massachusetts, including Magellan Distribution in Boston, Rochester Electronics in Newburyport, and Semi Source Inc. in Hingham; derives substantial revenues from the sale of goods in this jurisdiction, including without limitation sales to and/or through Massachusetts-based distributors; and/or knows or expects its actions to have consequences in this jurisdiction, and derives substantial revenue from interstate or international commerce.

## JURISDICTION AND VENUE

5.      This Court has original jurisdiction over the Lanham Act claims pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a); and has pendent and supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §§ 1338(b) and 1367.

6.      Venue in this District is proper under 28 U.S.C. § 1391(b).

## BACKGROUND

7.      For more than twenty five years, Odyssey has been supplying electronic components. During this extensive period of time, Odyssey has built a reputation as a resourceful, reliable supplier of a wide range of electronic components that consumers have come to know and trust.

8.      Odyssey distributes and sells a complete range of electronic components, including semiconductors, integrated circuits, relays, connectors, and passive components.

9.      To identify its trusted electronic component sales its distribution services Odyssey developed and adopted the ODYSSEY ELECTRONICS mark and, on November 11, 2013, Odyssey applied to register the ODYSSEY ELECTRONICS mark with the United States Patent and Trademark Office ("USPTO").

10.     On January 20, 2015, the USPTO approved Odyssey's registration of the ODYSSEY ELECTRONICS mark in connection with "Capacitors; Electric resistors; Electronic components in the nature of capacitors, connectors, filters, oscillators, relays, switches, transformers, resistors, semiconductors, integrated circuits, rectifiers, and transistors; Integrated circuit modules; Integrated circuits; Magnetic and electromagnetic coils; Semiconductor chips; Semiconductors" in class 09 and in connection with "Distributorship services in the field of electronic components and obsolete hard to find electronic components; Reseller services, namely, distributorship services in the field of electronic components and obsolete hard to find electronic components" in class 35; and issued a Certificate of Registration under Registration No. 4,673,916. A copy of the registration certificate is attached as Exhibit A.

11.     Odyssey is the owner of U.S. Registration No. 4,673,916 for the mark ODYSSEY ELECTRONICS.

12.     Since at least 1992, Odyssey has continuously used the ODYSSEY ELECTRONICS trademark to identify its electronic components and its distribution services to consumers.

13.     At all relevant times, the ODYSSEY ELECTRONICS mark was and is a valid mark.  The registration is prima facie evidence of Odyssey's nationwide priority and its exclusive right to use and license the mark in commerce.

14.     Odyssey's ODYSSEY ELECTRONICS mark is widely recognized as an indication of the superior quality of Odyssey's goods and the superior quality of Odyssey's service, and Odyssey enjoys substantial goodwill with its consumers.

15.     Since its introduction, the ODYSSEY ELECTRONICS products and services have enjoyed great success and have been well received by consumers.

16.     As a result of Odyssey's exclusive use of the ODYSSEY ELECTRONICS mark in connection with Odyssey's electronic component products and distribution services, the ODYSSEY ELECTRONICS mark has become exclusively associated with Odyssey by consumers.

17.     Odyssey has developed extensive goodwill in its ODYSSEY ELECTRONICS trademark through years of substantial effort and investment, including expending significant resources to develop, advertise and promote its ODYSSEY ELECTRONICS products and services.

18.     Odyssey is one of the original members of the influential industry group, the Electronic Resellers Association and one of the original members of IC Source, a global trading platform for buyers and sellers of electronic components.

19.     Odyssey is registered to supply to the U.S. and Canadian governments, having obtained both a CAGE code (U.S. government) and certification through the Joint Certification Program (JCP) to obtain access to technical data drawings for military applications.

20.     Odyssey sells and distributes electronic components to governmental agencies as well as to business throughout the United States, ranging from mid-sized Massachusetts-based companies to notable multinational corporations.

21.     Odyssey's efforts have generated substantial goodwill and have created a legally cognizable interest in their products and services, including the unique and distinctive name of ODYSSEY ELECTRONICS.

22.     The ODYSSEY ELECTRONICS trademark, when used on or in connection with electronic components and electronic component distribution services, is identified and associated in consumers' minds exclusively with Odyssey. The ODYSSEY ELECTRONICS mark is strong, highly distinctive of Odyssey, and entitled to the broadest scope of protection.

<u>DEFENDANTS' UNLAWFUL CONDUCT</u>

23.     After Odyssey had established priority to its valuable ODYSSEY ELECTRONICS mark, on information and belief, OEI began a campaign to unlawfully appropriate Odyssey's goodwill and valuable intellectually property assets by marketing, packaging, and selling products that are confusingly similar to Odyssey's products and targeting the same customer base, including the same customers, as Odyssey.

24.     On information and belief, OEI markets and sells electronic components under its corporate name "Odyssey Electronics, Inc."

25.     Odyssey was first alerted to OEI's use of the corporate name "Odyssey Electronics, Inc." in connection with electronic components in or about 2009.  On or about January 27, 2009, OEI joined IC Source, global platform for buying and selling electronic components.  Odyssey has been a member of IC Source since January 28, 1997 – twelve years prior to OEI joining.

26.     When OEI joined IC Source, and continuing today, it described its company and products as follows:

> Established in 1997, [OEI] is an international, independent stocking distributor of OEM original components (i.e. memory, hard drives, CPU's, semiconductors, etc.) for OEM's, CEM's, VAR's and System Integrators.  We've specialized in Tier One excess (*sic*) component options and third-party memory modules for years.

27.     From 1997 through at least the beginning of 2009, OEI supplied components largely for the building and repair of computers.  Upon information and belief, OEI began to receive requests for quotes and orders through IC Source from customers of Odyssey seeking electronic components Odyssey offered.  OEI unfairly traded off of that customer confusion and began selling products in direct competition with Odyssey.

28.     In or about 2012 or 2013, Odyssey learned of the confusion among its customers and potential customers and notified OEI's owner, Mark Pfutzenreuter.   Mr. Pfutzenreuter assured Odyssey that he would re-direct Odyssey's customers and potential customers to Odyssey. Based on these assurances, the parties came to a mutual understanding that they would attempt to coexist and would cooperate to ensure there was no confusion between their respective goods and services.

29.     Between 2013 and 2016, OEI alerted Odyssey to a limited number of instances in which it appeared that a consumer had mistakenly confused OEI with Odyssey. Similarly, during this same timeframe, Odyssey alerted OEI to instances of potential confusion.

30.     In each instance in which OEI and Odyssey identified a situation evidencing potential confusion, the parties worked together to resolve the confusion. As a result, Odyssey was under the impression that the parties were coexisting as agreed.

31.     On information and belief, during December 2016, Odyssey engaged in a lengthy process with a customer that involved preparing a quotation for specific electronic components. While waiting for the customer to finalize the order, Odyssey sent an inquiry via email and was told that the order had already been placed. Through follow-up communications, Odyssey learned that the order had been mistakenly placed with OEI.

32.     When Odyssey contacted OEI regarding this customer, OEI admitted that it had concluded the sale and indicated that there was nothing Odyssey could do because the customer had signed a "no cancellations, no returns" agreement.

33.     On information and belief, OEI has been benefiting from confusion between itself and Odyssey for several years, but has maliciously hidden the confusion from Odyssey in order to profit from Odyssey's goodwill.

34.     On information and belief, OEI adopted a systematic approach to instances of consumer confusion whereby OEI only alerted Odyssey to a fraction of the instances of confusion, such as, for example, OEI did not have the parts in stock or otherwise could not fulfill the order.

35.     In addition, on information and belief, OEI's systematic approach only alerted Odyssey to low-value orders, with OEI permitting confusion and masking the confusion in instances where OEI stood to benefit financially.

36.     On information and belief, OEI adopted a policy of demanding that all customers sign a "no cancellation, no return" agreement in order to shield OEI from the possibility that the customer would become alerted to the confusion and cancel the order.

37.     On information and belief, OEI maintained this systematic approach for years, benefiting substantially from Odyssey's goodwill.

38.     On information and belief, OEI intended to cause customer confusion and is causing customer confusion by, among other things, selling its electronic products and providing distribution services under its "Odyssey Electronics, Inc." corporate name, which is aurally, visually and conceptually substantially similar to Odyssey's ODYSSEY ELECTRONICS trademark and which is used in connection with identical goods and services to Odyssey's ODYSSEY ELECTRONICS products and services.

39.     On information and belief, OEI began using the ODYSSEY ELECTRONICS mark in commerce in connection with its electronic components and distribution services in 2009.

40.     On information and belief, OEI was aware of the ODYSSEY ELECTRONICS mark when it entered the business of selling and distributing electronic components.

41.     On information and belief, OEI's "Odyssey Electronics, Inc." products and services are generally targeted to the precise class of consumers as Odyssey's products and services, are sold through virtually the same channels of sale, and are advertised in the same or similar publications and Internet sites.

42.     OEI is not affiliated with Odyssey, and has never been licensed or otherwise authorized by Odyssey to use the ODYSSEY ELECTRONICS mark, and OEI's use of the "Odyssey Electronics, Inc." mark is without Odyssey's permission or consent.

43.     OEI's use of the company name "Odyssey Electronics, Inc." is likely to cause confusion, mistake, or deception in the minds of the public.

44.     Odyssey has been damaged and will continue to suffer damage to the extent that consumers mistakenly associate OEI's products and services with those of Odyssey.

45.     The potential for OEI's infringing "Odyssey Electronics, Inc." products and services to reflect negatively on the ODYSSEY ELECTRONICS products and services threatens to irreparably harm the valuable goodwill Odyssey has built in its trademark.

46.     The goodwill that Odyssey has built up in the ODYSSEY ELECTRONICS mark through substantial investment and effort may be permanently damaged by virtue of OEI's commercial misappropriation of Odyssey's mark for goods and services over which Odyssey has no control.

47.     On information and belief, OEI's use of the confusingly similar "Odyssey Electronics, Inc." company name is a deliberate attempt to trade on the goodwill that Odyssey has established in the ODYSSEY ELECTRONICS products and services.

48.     On information and belief, OEI's use of the confusingly similar "Odyssey Electronics, Inc." company name is a deliberate attempt to create a false impression as to the source and sponsorship of OEI's products and services or otherwise pass off its products and services as being authorized or endorsed by Odyssey.

49.     OEI's activities complained of herein constitute trademark infringement, unfair competition, false designation of origin, dilution and unjust enrichment.

50.     OEI's actions have been willful and have been undertaken with knowledge of Odyssey's rights with the purpose of deceiving consumers and/or to misappropriate Odyssey's mark and associated goodwill for the unjust benefit of OEI.

**COUNT I**
**INFRINGEMENT OF FEDERALLY-REGISTERED TRADEMARK**
**15 U.S.C. § 1114(1)**

51.     Odyssey realleges paragraphs 1 through 50 above.

52.     The acts of OEI alleged herein were done without Odyssey's consent, and constitute a use in commerce and interstate commerce of a reproduction or colorable imitation of a federally registered mark of Odyssey in connection with the sale and distribution of goods and/or services of OEI.

53.     Such use by OEI has caused or is likely to cause confusion or mistake, or to deceive.

54.     OEI's use of the "Odyssey Electronics, Inc." company name has or is likely to lead the purchasing public to believe that OEI and/or OEI's products and services are affiliated or associated with, related to, sponsored by, approved by or connected with Odyssey and/or Odyssey's products and services, or that some legitimate connection exists between Odyssey, its mark and products and services and those of OEI.

55.     OEI's conduct permits OEI to trade on the goodwill which Odyssey has developed over several years at considerable expense.

56.     Accordingly, OEI has infringed the trademark rights of Odyssey in violation of the Trademark Laws of the United States, particularly 15 U.S.C. § 1114(1).

57.     OEI's use of "Odyssey Electronics, Inc." was and is intentional or with a reckless disregard for or with willful blindness to Odyssey's rights.  Upon information and belief, OEI acts as alleged herein have been and are being performed with OEI's knowledge of Odyssey's exclusive rights in the United States to the ODYSSEY ELECTRONICS mark, and with

knowledge that OEI's imitation of Odyssey's mark would cause confusion, or cause mistake or deceive, in an intentional and willful violation of 15 U.S.C. §1114(1)(a), all for OEI's profit.

58.     OEI, by the acts complained of herein, has caused and is causing injury to Odyssey, the public and the markets in which Odyssey and OEI do business.

59.     OEI has made, and will make, unlawful gains and profits from its infringement of Odyssey's ODYSSEY ELECTRONICS mark, and Odyssey, due to OEI's unlawful infringement, has been and is being deprived of goodwill, rights and profits which otherwise would inure to OEI.

60.     OEI has caused and, unless such acts and practices are enjoined by the Court, will continue to cause immediate and irreparable harm to Odyssey, and Odyssey is entitled to preliminary and permanent injunctive relief to enjoin OEI's acts and prevent further violation of its rights.  Odyssey has no adequate remedy at law.

61.     In addition, Odyssey has suffered and will continue to suffer damages, including treble damages, in an amount to be proven at trial.

## COUNT II
## FEDERAL UNFAIR COMPETITION/FALSE DESIGNATION OF ORIGIN
## 15 U.S.C. § 1125(a)

62.     Odyssey realleges paragraphs 1 through 61 above.

63.     OEI has no rights in and no right to use the ODYSSEY ELECTRONICS mark.

64.     Among other things, OEI perpetuates the false and misleading commercial impression that OEI is licensed or otherwise authorized to use the "Odyssey Electronics, Inc." mark in connection with the sale of its products and/or services, or is otherwise affiliated, connected, associated with or sponsored by Odyssey.

65.     By the acts complained of herein, OEI has engaged in unfair competition and false designation of origin in violation of the Trademark Laws of the United States, particularly 15 U.S.C. § 1125(a).

66.     OEI has caused and, unless such acts and practices are enjoined by the Court, will continue to cause immediate and irreparable harm to Odyssey, and Odyssey is entitled to preliminary and permanent injunctive relief to enjoin OEI's acts and prevent further violation of its rights.  Odyssey has no adequate remedy at law.

67.     In addition, Odyssey has suffered and will continue to suffer damages, including treble damages, in an amount to be proven at trial.

## COUNT III
## COMMON LAW TRADEMARK INFRINGEMENT

68.     Odyssey realleges paragraphs 1 through 67 above.

69.     The ODYSSEY ELECTRONICS mark is inherently distinctive in the minds of the public as indicating the origin of the Odyssey's goods.

70.     The acts of OEI as described herein constitute common law trademark infringement.

71.     As a result of such conduct, Odyssey has suffered and, unless such acts and practices are enjoined by this Court, will continue to suffer damage to its business, reputation and goodwill.  Odyssey has no adequate remedy at law.

72.     In addition, Odyssey has suffered and will continue to suffer damages in an amount to be proven at trial.

## COUNT IV
## COMMON LAW UNFAIR COMPETITION

73.     Odyssey realleges paragraphs 1 through 72 above.

74.     The acts of OEI as described herein constitute unfair competition.

75.     OEI has profited and, unless such acts and practices are enjoined by this Court, will continue to profit by misappropriating the time, money, skill and labors Odyssey has invested in establishing its reputation and goodwill.

76.     As a result of such conduct, Odyssey has suffered and, unless such acts and practices are enjoined by this Court, will continue to suffer damage to its business, reputation and goodwill.  Odyssey has no adequate remedy at law.

77.     In addition, Odyssey has suffered and will continue to suffer irreparable damages in an amount to be proven at trial.

## COUNT V
## VIOLATION OF CHAPTER 93A

78.     Odyssey realleges paragraphs 1 through 77 above.

79.     At all times pertinent hereto, Odyssey and OEI were engaged in trade or commerce with each other within the Commonwealth of Massachusetts.

80.     As set forth above, OEI has wrongfully, unfairly and deceptively passed itself off as Odyssey and filled customer orders and responded to customer requests for quotation that OEI knew were intended for Odyssey.

81.     By its actions and conduct described above, OEI has engaged in unfair and deceptive business acts and practices, which were willful and knowing on the part of OEI.

82.     As a direct and proximate cause of OEI's wrongful, unfair, and deceptive actions, OEI has injured and is likely to continue to injure Odyssey's business reputation and cause Odyssey to suffer damages, entitling Odyssey to treble, or at least double, damages, attorneys' fees and costs.

## COUNT VI
## COMMON LAW UNJUST ENRICHMENT

83.     Odyssey realleges paragraphs 1 through 82 above.

84.     OEI's conduct constitutes, and will constitute in the future, unjust enrichment to OEI in many respects, including amounts received in sales and revenues by OEI.

85.     Unless Odyssey is compensated for any ill-gotten benefits, OEI will be unjustly enriched as a result of its inequitable conduct.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Odyssey demands a trial by jury of all issues triable of right by jury.

## PRAYER FOR RELIEF

WHEREFORE, Odyssey demands judgment against OEI as follows:

A.     Enjoining permanently, and during the pendency of this action, OEI and its agents, directors, officers, employees and all others acting in concert or participation with OEI from taking any further action in violation of the rights of Odyssey, including but not limited to using "Odyssey Electronics, Inc." or any other mark confusingly similar to Odyssey's ODYSSEY ELECTRONICS mark, or any colorable imitation thereof, in connection with any sale or offer to sell, in connection with any goods or services, or in any other manner which infringes, dilutes or otherwise violates Odyssey's rights or those of its affiliates;

B.     Enjoining permanently, and during the pendency of this action, OEI and its agents, directors, officers, employees and all others acting in concert or participation with OEI from committing any act calculated or likely to cause the public or trade to believe that OEI or its goods, services or commercial activities are in any manner connected, affiliated or associated with, or sponsored by Odyssey; from using in any manner any promotional material or other

material related to OEI's products bearing the "Odyssey Electronics, Inc." designation or any other mark confusingly similar to ODYSSEY ELECTRONICS; and from otherwise unfairly competing with Odyssey or from infringing, diluting or otherwise violating Odyssey's rights;

C.     Ordering that OEI be required to deliver up to the Odyssey for destruction any and all products, goods, promotional materials and other materials and documents bearing the "Odyssey Electronics, Inc." designation or any other mark confusingly similar to the ODYSSEY ELECTRONICS mark, or otherwise identifying OEI as affiliated in any way with ODYSSEY;

D.     Requiring that OEI, within thirty days after service of notice of entry of judgment or issuance of an injunction pursuant thereto, file with the Court and serve upon ODYSSEY'S counsel a written report under oath setting forth details of the manner in which OEI has complied with the Court's order pursuant to paragraphs A, B and C above;

E.     Requiring OEI to account for and pay over to ODYSSEY all damages sustained by Odyssey and all profits realized through OEI's unlawful acts, including but not limited to OEI's profits, Odyssey's lost profits, damage to Odyssey's goodwill, and ordering that the amount of damages awarded Odyssey be increased three times the amount thereof;

F.     Awarding Odyssey its costs and disbursements, and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117; and

G.     Granting such other and further relief as the Court may deem just and proper.

Dated:  June 21, 2017

*/s/ Margaret K. Minister*
Margaret K. Minister (BBO# 624975)
Pierce Atwood LLP
Merrill's Wharf
254 Commercial Street
Portland, ME  04101
Phone: (207) 791-1340
Fax:    (207) 791-1350
Email: mminister@pierceatwood.com

Sean L. Sweeney (BBO# 667938)
TREDECIM LLC
91-J Auburn Street, #1133
Portland, ME  04103
Phone:  (207) 221-6100
Email:  sean@tredecimlaw.com

*Attorneys for Plaintiff Odyssey Electronics Ltd.*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on June 21, 2017 the foregoing **Complaint of Plaintiff Odyssey Electronics Ltd.** was filed electronically, and that a true copy of the Complaint and associated documents will be served upon the Defendant in accordance with the service of process rules of the Federal Rules of Civil Procedure and the Local Rules of the District of Massachusetts.

/s/ *Margaret K. Minister*
Margaret K. Minister