UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ODYSSEY ELECTRONICS LTD, <br><br> Plaintiff, <br><br> v. <br><br> ODYSSEY ELECTRONICS, INC., <br><br> Defendant. | Civil Action No. 1:17-cv-11154-RGS |

The parties to this Consent Confidentiality Order have agreed to the terms of this Order;
accordingly, it is ORDERED:

**1. Scope.**  All documents produced in the course of discovery, including initial
disclosures, all responses to discovery requests, all deposition testimony and exhibits, other
materials which may be subject to restrictions on disclosure for good cause and information
derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order
concerning confidential information as set forth below. This Order is subject to the Local Rules
of this District and of the Federal Rules of Civil Procedure on matters of procedure and
calculation of time periods.

**2. Form and Timing of Designation.**  A party may designate documents as confidential
and restricted in disclosure under this Order by placing or affixing the words "CONFIDENTIAL
- SUBJECT TO PROTECTIVE ORDER" on the document in a manner that will not interfere
with the legibility of the document and that will permit complete removal of the
CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER designation.  Documents shall be

designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER prior to or at the time of the production or disclosure of the documents. The designation "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.

**3.  Documents Which May be Designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER.**  Any party may designate documents as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER but only after review of the documents by an attorney who has in good faith determined that the documents contain information protected from disclosure by statute or that should be protected from disclosure as confidential personal information, trade secrets, personnel records, or commercial information.  The designation shall be made subject to the standards of Rule 11 and the sanctions of Rule 37 of the Federal Rules of Civil Procedure.  Information or documents that are available in the public sector may not be designated as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER.

**4.  Depositions.**  Deposition testimony shall be deemed CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER only if designated as such. Such designation shall be <u>specific as to the portions</u> to be designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER. Depositions, in whole or in part, shall be designated on the record as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER at the time of the deposition. Deposition testimony so designated shall remain CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER until ten (10) business days after delivery of the transcript by the court reporter. Within ten (10) business days after delivery of the transcript, a designating party may serve a Notice of Designation to all parties of record as to specific portions of the transcript to be designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER. Thereafter, those portions so designated shall be

protected as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER pending objection under

the terms of this Order. The failure to serve a Notice of Designation shall waive the

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER designation made on the record of

the deposition.  If deposition excerpts have not been designated as confidential pursuant to this

order, they are not to be treated as sealed documents when filed with the court.

**5.  Protection of Confidential Material.**

**(a)  General Protections.**  Documents designated CONFIDENTIAL - SUBJECT TO

PROTECTIVE ORDER under this Order shall not be used or disclosed by the parties,

counsel for the parties or any other persons identified in ¶ 5(b) for any purpose

whatsoever other than to prepare for and to conduct discovery and trial in this action,

including any appeal thereof.

**(b)  Limited Third-Party Disclosures.**  The parties and counsel for the parties shall not

disclose or permit the disclosure of any CONFIDENTIAL - SUBJECT TO

PROTECTIVE ORDER documents to any third person or entity except as set forth in

subparagraphs (1)-(6). Subject to these requirements, the following categories of persons

may be allowed to review documents that have been designated CONFIDENTIAL -

SUBJECT TO PROTECTIVE ORDER:

**(1)  Counsel.** Counsel for the parties and employees of counsel who have

responsibility for the preparation and trial of the action;

**(2) Parties.** Parties and employees of a party to this Order, but only to the extent

counsel determines that the specifically named individual party or employee's

assistance is reasonably necessary to the conduct of the litigation in which the

information is disclosed.

**(3) Court Reporters and Recorders.** Court reporters and recorders engaged for depositions;

**(4) Contractors.** Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents but only after each such person has completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.

**(5) Consultants and Experts.** Consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound; and

**(6) Others by Consent.**  Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered. All such persons shall execute the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.

**(c)  Control of Documents.**  Counsel for the parties shall make reasonable efforts to prevent unauthorized disclosure of documents designated as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER pursuant to the terms of this Order.  Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of six years from the date of signing.

**(d)  Copies.**  Prior to production to another party, all copies, electronic images, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "copies") of documents designated as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER under this Order, or any individual portion of such a document, shall be affixed with the designation "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" if the word does not already appear on the copy.  All such copies shall thereafter be entitled to the protection of this Order.  The term "copies" shall not include indices, electronic databases or lists of documents provided these indices, electronic databases or lists do not contain substantial portions or images of the text of confidential documents or otherwise disclose the substance of the confidential information contained in those documents.

**6.  Filing of CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER Documents.**
Before any document marked as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER is filed with the Clerk the party filing the document shall make reasonable efforts to ensure that the document is protected from public disclosure or has been redacted to remove nonessential confidential information.  The filing party shall first consult with the party which originally designated the document as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER to determine whether, with the consent of that party, a redacted document may be filed with the Court not under seal.  Where agreement is not possible or adequate, a confidential document may be electronically filed under seal only in accordance with Local Rule 7.2.  Other than motions to seal and memoranda governed by Local Rule 7.2, if the confidential contents of CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER documents are incorporated into memoranda or other pleadings filed with the court, counsel shall prepare two versions of the pleadings, a public and a confidential version.  The public version shall contain a redaction of the

contents of CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER documents and shall be

filed with the Clerk.  The confidential version shall be a full and complete version of the

pleading, including any exhibits which the party maintains should be under seal and shall be filed

with the Clerk attached to a motion to seal filed in accordance with Local Rule 7.2.  The public

version shall plainly indicate the exhibits (both by number and description of the exhibit) that

have been filed under seal with the confidential version.  In the event the confidential exhibit

must be filed under seal because the parties cannot reach agreement on redaction, the filing

party, if not the party seeking to maintain confidentiality status, shall describe the document and

give it an Exhibit Number, indicating that it will be filed separately under seal by the opposing

party.  The party seeking to maintain confidential status shall file a motion to seal in accordance

with Local Rule 7.2 within 3 business days of the filing of the opposing party's pleading.  Failure

to file a timely motion to seal could result in the pleading/exhibit being unsealed by the court

without further notice or hearing.

    **7.  No Greater Protection of Specific Documents.**  No party may withhold information

from discovery on the ground that it requires protection greater than that afforded by this Order

unless the party moves for an order providing such special protection.

    **8.  Challenges by a Party to Designation as Confidential.** Any CONFIDENTIAL -

SUBJECT TO PROTECTIVE ORDER designation is subject to challenge by any party or non-

party (hereafter "party").  The following procedure shall apply to any such challenge.

    **(a)  Objection to Confidentiality.** At any time after the receipt of any document

    designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or of the refusal

    to produce a document on the ground of such designation, a party may serve upon the

designating party an objection to the designation. The objection shall specify the documents to which the objection is directed and shall set forth the reasons for the objection as to each document or category of documents.  CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER documents to which an objection has been made shall remain CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER until designated otherwise by waiver, agreement or order of the Court.

**(b)  Obligation to Meet and Confer.** The objecting party and the party which designated the documents to which objection has been made shall have fifteen (15) days from service of the objection to meet and confer in a good faith effort to resolve the objection by agreement. If agreement is reached confirming or waiving the CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER designation as to any documents subject to the objection, the designating party shall serve on all parties a notice specifying the documents and the nature of the agreement.

**(c) Obligation to File Motion.** If the parties cannot reach agreement as to any documents designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER, for the purpose of discovery, the receiving party shall file within 30 days of the service of the objection a motion to remove the CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER designation. The producing party has the burden to show good cause for the CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER designation. The failure to file the motion confirms the CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER designation of documents to which an objection was made, but the fact that the parties have agreed that the document will remain confidential for all purposes other than use in

court does not mean that the item will necessarily be ordered sealed by the Court, even in the absence of objection by the opposing party

**9. Action by the Court.** Applications to the Court for an order relating to documents designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER shall be by motion. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

**10. Use of Confidential Documents or Information at Trial.** A party which intends to present or which anticipates that another party may present at trial CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER documents or information derived therefrom shall identify the issue, not the information, in the pretrial memorandum. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

**11. Obligations on Conclusion of Litigation.**

**(a) Order Remains in Effect.** Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

**(b) Return of CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER Documents.** Within thirty days after dismissal or entry of final judgment not subject to further appeal, all documents treated as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER under this Order, including copies as defined in ¶ 5(d), shall be returned to the producing party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies

to the producing party that it has done so.  Notwithstanding the above requirements to

return or destroy documents, counsel may retain deposition and trial transcripts and

exhibits and attorney work product, including an index which refers or relates to

information designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER, so

long as that work product does not duplicate verbatim substantial portions of the text or

images of confidential documents.  This work product shall continue to be

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER under this Order.  An

attorney may use his or her work product in a subsequent litigation provided that its use

does not disclose or use CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

documents.

**(c)  Deletion of Documents Filed under Seal from ECF System.**  Filings under seal

shall be deleted from the ECF system only upon order of the Court.

**12.  Order Subject to Modification.**  This Order shall be subject to modification by the

Court on its own motion or on motion of a party or any other person with standing concerning

the subject matter.  Motions to modify this Order shall be served and filed under Local Rule 7.

**13.  No Prior Judicial Determination.**  This Order is entered based on the

representations and agreements of the parties and for the purpose of facilitating discovery.

Nothing herein shall be construed or presented as a judicial determination that any documents or

information designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER by counsel

or the parties is subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or

otherwise until such time as the Court may rule on a specific document or issue.

**14.  Persons Bound.**  This Order shall take effect when entered and shall be binding upon all counsel and their law firms, the parties, and persons made subject to this Order by its terms.

**15. Inadvertent Production of Confidential or Privileged Material.** If a party determines that it inadvertently failed to properly designate confidential information, it may do so by giving prompt and timely notice to all parties, who shall thereafter treat the materials pursuant to the provisions of this Order. The CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER designation does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.

This Order does not affect or alter a disclosing party's rights to refuse to disclose information properly subject to attorney-client privilege or the attorney work product doctrine. If a party, through inadvertence, produces or provides discovery that it believes is subject to a claim of attorney-client privilege, work product immunity, or is otherwise protected from disclosure, the producing party may give prompt and timely written notice to the receiving party that the material is subject to a claim of attorney-client privilege, work product immunity, or other protection from disclosure, and request that it be returned to the producing party. The receiving party shall either return any such material promptly or immediately seek a ruling from the Court whether it is, in fact, properly subject to a claim of attorney-client privilege, work product immunity, or other protection from disclosure. A party that returns such material shall not be foreclosed from moving the Court for an order that such document or thing has been improperly designated or should be discoverable and/or useable in this action for reasons other than a waiver caused by inadvertent production.

*So Ordered.*

Dated: 3-12-18.

U.S. District Judge

**WE SO CONSENT**
**and agree to abide by the**
**terms of this Order**

Dated:  March 9, 2018

/s/ *Sean L. Sweeney*
Margaret K. Minister (BBO# 624975)
PIERCE ATWOOD LLP
254 Commercial Street
Merrill's Wharf
Portland, ME  04101
Telephone: (207) 791-1100
Facsimile: (207) 791-1350
mminister@pierceatwood.com

Sean L. Sweeney (BBO# 667938)
TREDECIM LLC
91-J Auburn Street, #1133
Portland, ME 04103
Phone: (207) 221-6100
Email: sean@tredecimlaw.com

*Attorneys for Plaintiff Odyssey Electronics Ltd.*

/s/ *Thomas E. Kenney*
Thomas E. Kenney (BBO# 561590)
Pierce & Mandell, P.C.
11 Beacon Street, Suite 800
Boston, MA 02108
(617) 720-2444
tom@piercemandell.com

*Attorney for Defendant Odyssey Electronics, Inc.*

ATTACHMENT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ODYSSEY ELECTRONICS LTD,

Plaintiff,

v.

ODYSSEY ELECTRONICS, INC.,

Defendant.

Civil Action No. 1:17-cv-11154-RGS

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that he/she has read the Confidentiality Order

dated _____ in the above-captioned action and attached hereto,

understands the terms thereof, and agrees to be bound by its terms.  The undersigned submits to

the jurisdiction of the United States District Court for the District of Massachusetts in matters

relating to the Confidentiality Order and understands that the terms of the Confidentiality Order

obligate him/her to use documents designated CONFIDENTIAL - SUBJECT TO PROTECTIVE

ORDER in accordance with the Order solely for the purposes of the above-captioned action, and

not to disclose any such documents or information derived directly therefrom to any other

person, firm or concern.

The undersigned acknowledges that violation of the Confidentiality Order may result in

penalties for contempt of court.

Name:                                                    Employer:

Job Title:                                               Business Address:

_____          _____
Date                                                     Signature